May it please the court, Kelly Varnes representing Gus Other Medicine. The request that we would make on behalf of the court today is that the conviction of Gus Other Medicine for conviction of the offense of felony child abuse and neglect be reversed by this particular court. It's our position that the United States didn't have jurisdiction here to charge a State offense when there was an applicable Federal one under 18 U.S.C. 1153a. That was a misdemeanor offense, correct? It was a misdemeanor offense, Your Honor. So you're saying that the Federal Government could only charge him with a misdemeanor? That's what I would submit, Your Honor. Even if the crime, the offense conduct, was of a substantial severe nature? Yes, Your Honor. Here. Rising to the level of a felony? The United States under 1153a, Your Honor, if I can get to your question fairly, had the option of assault with a dangerous weapon. A question of whether the belt was a dangerous weapon. It had the option of assault resulting in serious bodily injury. And then it had the option of assault of an individual under the age of 16, which was the misdemeanor. Was that, by the way, was assault with a deadly weapon, was that argued to the district court? It was, Your Honor, in the sentencing. Because when we got through the guideline calculation, one of the issues that has to be raised is, was the belt a dangerous weapon? Because if it was, my client would have received a two- or four-level bump-up, whatever it was, for the use of a dangerous weapon. And that was, in my view, one of the more sinister parts about the guideline, is they don't charge that in the substance of offense. They try to pick it up at sentencing. The district court, I think appropriately under the Riggins case, said it doesn't look to us like the belt is a dangerous weapon, and he did not give Mr. Ruther, Medicine, the bump-up for that. Well, I noticed that argument, as if I'd finished up my question, which is, you know, you're willing to, say, reach for assault with a deadly weapon, and yet the statute specifically talks about felony child abuse. And so what you would do is say, even though Congress made it specific, intentionally, put in felony child abuse, you would say, no, you can't use the logical one, which is, you know, felony abuse of a child. You have to resort to trying to make belt into a dangerous weapon. I have some trouble with the logic there. Actually, Your Honor, and I think that your argument in another setting, in your position, I think would be absolutely correct. But here we're dealing with Native Americans. Well, so was Congress. That's what the statute's about. It was authorizing and filling a gap that Congress felt applied to practices on the reservations. Yes, but they utilized State vehicles in which to get there and elected not to tell us exactly what it was they were getting after. And the precedent, when you look at Bodoni and Tyndall and Ryder and Maloney, all seem to leave the impression or the theme, as near as I can tell, that if you've got a Federal-listed offense in 1153A, that you've got to charge that offense and you can't reach, therefore, down into the realm of what the State might offer in Montana for felony child abuse. But isn't there an element missing from assault with a dangerous weapon? I mean, you can assault a person, say, 40, with a dangerous weapon. That would fit within the statute. But here you're talking about a minor. And assaulting a minor, the consequences of assaulting a minor and to their psychological nature, et cetera, is far greater than assaulting an adult. I would submit to you, Your Honor, that that would be something that would be more appropriate for sentencing, but as far as an element of the offense, it's not missing. But what I'm pointing out is that it's missing. There's an additional element in felony child abuse that doesn't exist in assault with a dangerous weapon. That is, child. Yes. But I guess I'm not ---- I mean, you know the Taylor and the modified Taylor approaches. You're familiar with those in terms of seeing whether someone, whether it's a crime of violence or an aggravated felony. Yes, Your Honor. If we had, if child abuse was the crime of violence and he was convicted of assault with a dangerous weapon, we'd have to do the modified approach because you would Right? Yes, that's true. So that's what I'm pointing out. There's an element that's an additional element, and that those statutes don't include the child statute. The only one, the child element, the only one that does is a misdemeanor, and this one says felony child abuse. The only thing I can think of that maybe gets to that, Your Honor, is that that statute was amended a few years ago because the misdemeanor in that statute used to be assault by striking, beating, or wounding, and it was a misdemeanor. Then they changed that and took that out and added that it was applicable to a person under the age of 16. And so I guess the conclusion I would reach is I'm not sure Congress is sure what it's reaching at. It would appear to me that if they really wanted to get at what the Court's asking is that wouldn't the simpler change have been to just change the penalty for assault on a person under the age of 16 to a felony rather than a misdemeanor? Then doesn't it meet that concern? Well, assault could be minor. Assault may not be an abuse either. A misdemeanor may cover something that doesn't, you know, quite end up being an abuse, where it's felony child abuse has a different aspect to it. Your Honor, I totally agree, and that's the landmine that if you're a prosecutor, I think you face here, because are they thinking that if you have an incredibly filthy home that the children are exposed to and they're ill because of that, do we have a felony child abuse situation? And then are what are we going to use from the district court or the State that you're applying to to criminalize that? It just seems like under that circumstance, it's too amorphous, I guess, Your Honor. But don't we have to apply it's an unconstitutionally vague as applied to the facts of this case, right? Well, I did make that argument, Your Honor. I wasn't sure that that was one of the strengths of the presentation I had. I was arguing that here Congress in the legislative history didn't give us a good enough idea what it wanted to accomplish. Two, they left wide open as to what constituted felony child abuse or neglect. I mean, under the Montana statute, you can holler at your child and you have committed felony child abuse under that particular statute, because what they did is they took the Montana misdemeanor assault statutes and felonized them for children under the age of 14. It just seemed that when you're prosecuting cases in Indian country, that if there's a Federal crime that's applicable under 1153a, that that's what you need to go with here. And we think that's what the United States should have been required to do here. So which one of the two? If you look at Riggins, Your Honor, out of Hawaii, they would have had to either prosecute as the misdemeanor, assault under the individual age, excuse me, under the age of 16, or assault with a dangerous weapon or assault resulting in serious bodily injury. I don't think they would have reached the threshold of serious bodily injury in this case. I think the government would agree with that because it was bruising, although over a good portion of his body. So I think those are the options that it's left with. Didn't the nurse say it was the worst case that she'd seen in 25 years? She did, Your Honor. I think I've seen worse, but, you know, each person has their own experience, and I can't deny that wasn't in the record because it was. And it was a school nurse, so. And the school nurse in a town just adjacent to an Indian reservation. So she's seen her share of things. Unless the Court had any other questions, I didn't have anything more to present. Okay. Well, you have a little time left, so you can use it for rebuttal if you want. Thank you, Your Honor. Thank you. Good morning. Laurie Sook for the United States. To address, first of all, Judge Fisher, your question, I think you might have been raising a waiver issue, maybe. If you look at the excerpts of record 5 through 10, the district court's order, with respect to what was argued regarding the motion to dismiss the superseding indictment, the only statute presented to the district court was the misdemeanor. The assault with a dangerous weapon statute and the assault resulting in serious bodily injury statute came into play only at sentencing. That wasn't raised in the opening brief by the appellant. The Riggins case was raised in the reply brief. But we argued, Riggins, that the sentencing, the government actually asked for a dangerous weapon enhancement. And we did lose that argument, didn't cross appeal, because in the Riggins case, as you see, you had a 2-year-old, not a 9-year-old. You had a 2-year-old who was hospitalized for five days. And you had doctors saying that it was serious bodily injury. Quite frankly, we didn't have that here. You do have, Judge Moskowitz, a nurse saying that it's the worst case of child abuse in 25 years, but in 15 years of prosecuting these Indian country cases, I can tell you that the serious bodily injury element is not here in this case, in my opinion. I didn't have the evidence to prove that. I didn't have doctors who would say it. In fact, they would have said the opposite. With respect to the dangerous weapon, I lost it under a preponderance of evidence standard at the district court because the judge said, I hear what you're But it's not used in a way capable of causing it. Otherwise, he could have done it here easily. I think Riggins is distinguishable. You're not going to get that enhancement. What Congress did here is try and fill a gap. I'm not asking you to go to the legislative history, because I think the plain language of the statute is clear. We've got to charge a felony. But the legislative history here does give you some idea of what Congress was trying to do, fill a gap. We had these statutes, yet we had a case like this one where it was only a misdemeanor. The difficulty that I have here is that there is a specific crime under the federal statute of assault on a minor. And if you look to the counterpart in Montana, it's the counterpart that we're But we're going through it to define what follows in the federal statute as the next clause, which is felony child abuse. And the irony is that the only difference between the Montana definition and subsidy difference, between the Montana definition and the federal definition of assault on a minor, is the degree of punishment. And the statute says go to the state law for definition and punishment. So if, for example, there were no federal assault statute, you'd go to the Montana statute, and you'd look to the Montana statute, and you'd wind up picking up that as the definition. And so I understand what Congress was trying to do. It clearly intended to reach more serious crimes and misdemeanors. That's why it used the term felony. That's a specific statutory term. Counsel's argument is, well, in this case, maybe one could see the logic of it. But if the Montana statute encompasses and opens up a range of child abusive behavior that it would label felonious, well beyond what the federal statute would, how do we avoid that consequence? And, in effect, we're essentially creating two assault with on a minor provisions in the federal statute. And then, you know, if it's not within the misdemeanor part of the federal, they get to open up and you get to open up and go after what you couldn't get under the federal law. And that's the, you know, kind of it's an end run on the federal limitation on assault on minors. I actually thought your issue that you've just raised is probably the most interesting and, if you want to use the word, troublesome issue with respect to this crime being added to 1153A. What is going to be the stopgap for federal prosecutors because the state crimes open up? It seems like in Montana, I can't tell you that I know about the other 50 states exhaustively, but in Montana, it does seem to open up a lot of felonious conduct. Well, here's the deal, though. We have to stick to a felony child abuse and neglect statute. That statute is broader, but it has limits. We have to have a child under 14. We have to meet the elements of that statute. And there are certain defenses in Montana law that are going to get picked up in terms of reasonable discipline of a child. There are certainly the elements that we met here required some injury or required a weapon. So there are limits, Judge Fischer. It is a question that I guess we do ask, you know, what are the limits of prosecutorial discretion, and are we exercising them appropriately, and should there be a limit? I will tell you that all we can do as prosecutors is enforce the law that Congress gave us. And in here, they gave us the marching orders to look at cases with that misdemeanor assault statute on the books and to prosecute some that we weren't prosecuting as felonies as felonies. I mean, because this case, obviously, the misdemeanor statute is subsumed by this felony, except for the age difference. I did point out in my brief, you have an age difference where the Federal statute is for 16 and under. The Montana statute is 14 and under. It's not a lot of age difference, but it's enough to show you that they're going to treat more seriously, if you will, as a felony, those assaults for younger kids. There's the other age limit, too. It has to be over 18. Exactly. There's another age limit, too. It's not that I don't understand the Court's concern about adding this statute. Certainly, we are in an age where the Federal government is writing Federal laws, it seems like, sometimes at the speed of light for us to enforce. And we look to whether, on the books, it's constitutional, and here, you know, we have to charge a felony in order to meet felony child abuse and neglect. This is that type of a case. But isn't it just treating the children on Indian reservations, protecting them to the same degree as they're protected within the State off the reservation? That's exactly what Senator McCain was trying to address when he was talking about that's what was behind the passage of this statute, that Indian children weren't getting the protection that others were. We had a gap, that there was we couldn't reach serious bodily injury, we couldn't reach dangerous weapons, so there's no protection like the other kids in Montana get for this type of conduct. So that's Congress was trying to legislate protection of kids here, and there are some limits. And it's not unconstitutionally vague. It is an as-applied challenge, and his conduct clearly falls within the statute. If there are no further questions, thank you. Thank you. I appreciate your comment. Okay. Thank you both. A very interesting argument. Both helped the Court quite a bit. Thank you. Case argued as submitted. The next case on calendar is United States v. Bayer, B-E-A-R, and that is submitted on the briefs. Bianco v. Newton and Company is also submitted on the briefs, so that will bring us to I should have said Western Watersheds Project, I'm sorry. Counsel?
judges: Moskowitz, Fisher, Paez